UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CRISTIAN PENA-EUSEBIO,

        Petitioner,

v.

KEVIN RAYCRAFT et al.,

        Respondents.
_____/

Case No. 1:26-cv-107

Hon. Hala Y. Jarbou

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled[1] petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[2] (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

**I.    Procedural History**

Petitioner initiated this action in the United States District Court for the Eastern District of Michigan. (Pet., ECF No. 1.) In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, accept jurisdiction over this action, declare

---

[1] The Court grants Petitioner's counsel permission to practice in this specific case on a temporary basis pending full admission. *See* W.D. Mich. LGenR 2.2.

[2] Petitioner was one of two petitioners named in the § 2241 petition. In an order entered on January 15, 2026, the Court severed the claims of the petitioners into two separate actions. (Order, ECF No. 15.) Petitioner's claims proceed in the present action.

that Respondents' actions to detain Petitioner violate the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act (INA), and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or to conduct a bond hearing for Petitioner's removal proceedings. (Pet., ECF No. 1, PageID.22–23.)

In an order entered on December 8, 2025, the Eastern District of Michigan ordered Respondents to file a response to the petition by December 18, 2025, and ordered Petitioner to file any reply within three business days of the filing of Respondents' response. (ECF No. 3.) On December 18, 2025, Respondents filed a motion to dismiss for lack of jurisdiction or to transfer the case, (ECF No. 4), and a response to the petition (ECF No. 5). On December 23, 2025, Petitioner filed a response to Respondents' motion (ECF No. 7) and a reply to Respondents' response to the petition (ECF No. 8). Thereafter, on January 6, 2026, Respondents filed a reply to Petitioner's response to the motion to dismiss. (ECF No. 10.) In an order entered on January 9, 2026, the Eastern District of Michigan transferred the action to this Court, granting Respondents' motion to dismiss or transfer "to the extent that it requests that the Court transfer this petition to the Western District of Michigan," and denying the motion "in all other respects." (ECF No. 11.)

**II.    Factual Background**

Petitioner is a native and citizen of Mexico. (Pet., ECF No. 1, PageID.5; Notice to Appear (NTA), ECF No. 5-2, PageID.88.) Petitioner entered the United States in 2009 without inspection. (Pet., ECF No. 1, PageID.6; NTA, ECF No. 5-2, PageID.88.) Prior to Petitioner's present detention, he resided in Illinois with his two United States citizen children. (Pet., ECF No. 1, PageID.6–7.)

On September 17, 2025, Petitioner was arrested by ICE at a truck weigh station. (*Id.*, PageID.7.) At that time, ICE issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the INA because Petitioner is an

2

immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General," and "who, at the time of application for admission, is not in possession of a valid unexpired [immigration or travel document]." (NTA, ECF No. 5-2, PageID.88, 91.) On December 8, 2025, Petitioner filed an Application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents, which remains pending. (ECF No. 5-4, PageID.95; Resp'ts' Resp., ECF No. 5, PageID.64.)

### III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV. Exhaustion

Respondents argue that the Court should deny Petitioner's request for habeas corpus relief because Petitioner has not exhausted his administrative remedies. Specifically, Respondents argue that Petitioner should pursue a bond hearing and, if necessary, appeal any unfavorable decision to the Board of Immigration Appeals (BIA).

The Court declines to enforce the doctrine of prudential exhaustion against Petitioner, and even if the Court were to conclude that exhaustion is warranted, the Court concludes in the alternative that waiver of exhaustion is appropriate, for the reasons set forth in the Court's exhaustion analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669,

2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025).

Accordingly, the Court will proceed to address the merits of Petitioner's § 2241 petition.

## V.    Merits Discussion

### A.    Statutory Basis for Petitioner's Detention

Petitioner contends that Respondents have violated the INA by concluding that Petitioner is detained pursuant to the mandatory detention provisions set forth in 8 U.S.C. § 1225(b)(2). Respondents, however, contend that Petitioner meets every element for detention under § 1225(b)(2), and that the statute's structure and history support Respondents' interpretation.

The Court concludes that § 1226(a), not § 1225(b)(2)(A), governs noncitizens, such as Petitioner, who have resided in the United States and were already within the United States when apprehended and arrested for the reasons set forth in the Court's statutory analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *3–6 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *4–6 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *4–7 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *3–6 (W.D. Mich. Dec. 12, 2025).

### B.    Fifth Amendment Due Process Considerations

Petitioner also argues that his detention violates the Fifth Amendment's Due Process Clause. Respondents counter Petitioner's arguments by stating that Petitioner has received notice of the charges against him, has access to counsel, is scheduled to attend hearings with an

4

immigration judge, has the right to appeal the denial of any request for bond, and has been detained by ICE for a relatively short period time.

The Court concludes that Petitioner's current detention under the mandatory detention framework set forth in § 1225(b)(2)(A) violates Petitioner's Fifth Amendment due process rights for the reasons set forth in the Court's constitutional analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *6–8 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *7–8 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *7–9 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *6–8 (W.D. Mich. Dec. 12, 2025).

## VI.  Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.[3]

## Conclusion

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a)

---

[3] In Respondents' motion to dismiss or transfer, they argued that the Warden of North Lake Processing Center was Petitioner's immediate custodian and the proper Respondent. (Mot. Dismiss or Transfer, ECF No. 4, PageID.38.) In an order entered on January 9, 2026, the Eastern District of Michigan granted Respondents' motion to dismiss or transfer "to the extent that it requests that the Court transfer this petition to the Western District of Michigan," and denied the motion "in all other respects." (ECF No. 11.) The Eastern District of Michigan's January 9, 2026, order resolved Respondents' motion to dismiss or transfer, and Respondents do not seek the dismissal of any Respondents in their response to the petition. (*See* ECF No. 5.) Because Respondents do not seek the dismissal of any Respondents in their response to the petition, the Court does not address the dismissal of any Respondents in this opinion.

within five business days of the date of this Court's opinion and judgment or, in the alternative, immediately release Petitioner from custody.[4] The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

| Dated: | January 27, 2026 | | /s/ Hala Y. Jarbou |

HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer.